IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00247–RBJ–KMT

NANCY KASPRYZK,

    Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 9 [Mot.], filed February 5, 2013).  Plaintiff filed her response on February 5, 2013 (Doc. No. 11 [Resp.]), and Defendant filed its reply on February 15, 2013 (Doc. No. 13 [Reply]).  This matter is ripe for recommendation and ruling.

### I.  FACTUAL BACKGROUND

    In her Complaint, Plaintiff alleges a contract between herself and Defendant PNC Bank, National Association ("PNC"), allowed PNC the sole discretion to foreclose on Plaintiff's residence.  (Doc. No. 1 [Compl.], ¶ 16.)  As security for the Promissory Note entered into between the parties, Plaintiff executed a deed of trust, dated June 25, 2009 ("Deed of Trust"), which covered real property known as 6075 Dover St., Arvada, Colorado.  (Mot., Ex. B.) The Deed of Trust was recorded with the Jefferson County Clerk and Recorder on July 17, 2009 at

Reception No. 2009071438.[1] It appears Plaintiff defaulted on monthly mortgage payments and applied for a loan modification. (*See* Compl. ¶¶ 19–21.) Plaintiff alleges she sent PNC a letter on August 24, 2012, asking for information about fees added to her account, after which PNC sent her an escrow analysis. (*Id.*, ¶¶ 19–21.) Plaintiff alleges she sent another letter to PNC seeking more information on October 1, 2012, and PNC sent a partial response answering only some of Plaintiff's questions. (*Id.*, ¶¶ 9–14.)

Plaintiff asserts a claim that PNC violated Colo. Rev. Stat. §§ 38-40-103 and 104 when it failed to provide Plaintiff the requested information about her mortgage loan. (Compl., ¶ 16.) Plaintiff also asserts a claim for breach of the covenant of good faith and fair dealing for PNC's allegedly instituting foreclosure proceedings on her home while Plaintiff's loan modification application was pending. (*Id.*, ¶ 21.) Plaintiff seeks money damages, as well as attorney fees and costs and interest. (*Id.* at 4.)

Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on the bases that (1) Plaintiff did not make a request under Colo. Rev. Stat. § 30-40-103; (2) Plaintiff's claim under Colo. Rev. Stat. § 38-40-103 fails to allege any damages resulting from PNC's alleged actions; and (3) Plaintiff's claim for breach of the covenant of good faith fails to allege a claim for which relief may be granted and because Plaintiff seeks to impose new duties on PNC not included in the note or Deed of Trust. (*See* Mot.)

---

[1] The court may properly consider facts subject to judicial notice such as court files and matters of public record. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citations omitted). Documents filed with the Jefferson County public trustee are matters of public record for which the Court may take judicial notice. *See* F.R.E. 201.

## II.  LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### III. ANALYSIS

*A.     Colo. Rev. Stat. § 30-40-103*

Under Colorado law, the servicer of a mortgage loan is required to "respond in writing within twenty days from the receipt of a written request from the debtor . . . for information concerning the debtor's loan, which is readily available to the servicer from its books and records . . . ." Colo. Rev. Stat. § 38-40-103(2).

Defendant argues that Plaintiff's request for information was not a request under the statute because it was "devoid of any reference to this statute." (Mot. at 4.) In support of its argument, the defendant cites the only case in Colorado or in this Court to interpret the statute, *Pool v. Wells Fargo Bank, N.A.*, Case No. 11-cv-01066-LTB-KLM, 2012 WL 3264294 (D. Colo.

Aug. 10, 2012). In *Poole*, however, Senior District Judge Lewis T. Babcock did not reach the scope of § 38-40-103, because in that case Plaintiff's request was clearly made pursuant to Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, et seq. ("RESPA"). *Poole*, 2012 WL 3264294, at *6. Here, Plaintiff's letter does not refer to either RESPA or the Colorado statute. (*See* Mot., Ex. D.[2]) Plaintiff correctly points out that nothing in *Poole* or in the Colorado statute requires a consumer specifically to reference the statute when requesting information about her loan. Moreover, the Colorado statute simply requires a loan servicer to respond in writing, within twenty days, to a written request from the debtor for information concerning the debtor's loan. Colo. Rev. Stat. § 38-40-103(2). It cannot be disputed that the plaintiff's written letter, which references her loan number, asks for information including charges and fees that were added to account, to whom the fees would be paid, and what right PNC had to add the fees (*see* Mot., Ex. D), is at least in part information "which is readily available to the servicer from its books and records." § 38-40-103(2).

Defendant's motion to dismiss based on its contention that Plaintiff's letter did not reference Colo. Rev. Stat. § 30-40-103 properly is denied.

---

[2] "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, the letter is referred to in the complaint and is central to the plaintiff's claim. Moreover, Plaintiff refers to the letter in her response to the motion to dismiss and does not dispute its authenticity.

### B.     *Failure to Allege Actual Damages*

Defendants also move to dismiss Plaintiff's claims because she has failed to allege any facts to show that PNC's alleged failure to respond to her August 24, 2012, letter caused Plaintiff actual damages.

In her Complaint, Plaintiff requests actual damages in the amount of $74,999, plus attorney fees and costs and interest. (Compl. at 4.) Plaintiff states that the Defendant's violations of Colo. Rev. Stat. § 103 and the breach of the covenant of good faith and fair dealing caused her "actual damages in an amount to be determined at trial." (*Id.*, ¶¶ 17, 24.) In *Henson v. Bank of America*, ––– F. Supp.2d. –––, 2013 WL 1222095, at *13 (D. Colo. 2013), a recent case where the plaintiff alleged violations under RESPA, which requires a plaintiff to adequately plead a causal link between his claimed damages and the specific RESPA violation committed, *see Kapsis v. Am. Home Mortg. Servicing Inc.*, ––– F. Supp.2d. –––, 2013 WL 544010, at *13 (E.D.N.Y. Feb. 14, 2013), District Judge Christine M. Arguello found that the plaintiffs had failed to allege any facts that would plausibly support a claim for actual damages. 2013 WL 1222095, at *13. There is no case in Colorado or in this Court that has determined that a plaintiff must plead a causal link between her claimed damages and Colo. Rev. Stat. § 38-40-103. However, to prevail on a claim for violation of § 38-40-103, a plaintiff must prove actual damages. *See* Colo. Rev. Stat. § 38-40-104(2). Plaintiff has entirely failed allege any facts that would plausibly support her conclusory statement that she has suffered actual damages. *See Iqbal*, 129 S. Ct. at 1949. Nevertheless, this court agrees with Judge Arguello's reasoning that it would be premature to conclude that the plaintiff could not cure her shortcomings in an amended

pleading. *See Henson*, 2013 WL 1222095, at *14.  Thus, the court recommends that Defendant's motion to dismiss on this basis be denied and that Plaintiff be ordered to file an amended complaint that alleges facts that would plausibly support her claim that she has suffered actual damages as a result of the defendant's alleged violation of Colo. Rev. Stat. § 38-40-103.

C.      *Claim for Breach of the Covenant of Good Faith and Fair Dealing*

Defendant argues that Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief can be granted because Plaintiff does not identify any discretionary term in the performance of the contract between them and because Plaintiff seeks to impose new duties not included in the Loan. (Mot. at 7.)

The covenant of good faith and fair dealing, which is present in every contractual relationship, is meant to "to effectuate the intentions of the parties or to honor their reasonable expectations." *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo. 2006) (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)).  However, the covenant of good faith and fair dealing "cannot be construed to establish new and independent rights or duties not agreed upon by the parties." *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11–CV–429, 2011 WL 3236000, at *3 (D. Utah July 26, 2011).  Thus, the duty of good faith and fair dealing may be relied upon "only when one party has discretionary authority to perform certain contract terms, including discretionary acts, in good faith." *O'Reilly v. Physicians Mut. Ins. Co.*, 992 P.2d 644, 646 (Colo. App. 1999); *see also Parker*, 138 P.3d at 292 ("The duty of good faith and fair dealing may be relied upon when the manner of performance under a specific contract term allows for discretion on the part of either party") (internal quotations omitted).  "[A] breach of

the duty occurs when one party uses discretion conferred by the contract to act dishonestly or to act outside the scope of accepted commercial practices to deprive the other party of the benefit of the contract." *O'Reilly*, 992 P.2d at 646.

Here, Plaintiff's Complaint does not identify any discretionary term regarding the performance of a contract. Rather, Plaintiff alleges PNC has "the sole discretion as to whether or not to foreclose on the Plaintiff's residence." (Compl., ¶ 19.) Defendants argue that this is not a term relating to the manner of performance of the contract, but rather it is a remedy provided by the Deed of Trust in the event Plaintiff defaults. The court agrees. Moreover, none of the allegations in the Complaint indicates that the defendant used discretion conferred by the note or the Deed of Trust to act dishonestly or to act outside of accepted commercial practices to deprive the plaintiff of the benefit of the contract.

Finally, Defendants argue Plaintiff's claim fails because PNC has no obligation to modify the existing Loan or to refrain from pursuing its contractual remedies. (Mot. at 8.) Plaintiff argues that she does not seek to impose new rights, but rather "just wants the Defendant to act in good faith." (*See* Resp. at 6.) However, to the extent Plaintiff seeks to impose new duties upon the defendant and grant Plaintiff new rights relating to the modification of the loan's original terms, the defendants are correct that the claim fails. *See Young v. Wachovia Mortg.*, Civil Action No. 11-cv-01963-CMA, 2011 WL 6934110, at * 4 (D. Colo. Dec. 30, 2011) (citing *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11–CV–429, 2011 WL 3236000, at *t (D. Utah July 26, 2011).

Therefore, the motion to dismiss should be granted as to Plaintiff's claim that the defendants breached the covenant of good faith and fair dealing.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 9) be **GRANTED** in part and **DENIED** in part as follows:

1. The Motion to Dismiss should be denied as to Plaintiff's claim that the defendant violated Colo. Rev. Stat. § 30-40-103;

2. The Motion to Dismiss Plaintiff's claims because she has failed to allege any facts to show that PNC's alleged failure to respond to her August 24, 2012, letter caused Plaintiff actual damages should be granted. However, Plaintiff should be allowed to file an amended complaint that alleges facts that would plausibly support her claim that she has suffered actual damages as a result of the defendant's alleged violation of Colo. Rev. Stat. § 38-40-103;

3. The Motion to Dismiss should be granted as to Plaintiff's claim that the defendants breached the covenant of good faith and fair dealing.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of June, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge