IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00247-RBJ-KMT

NANCY KASPRYZK,

    Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION,

    Defendant.

## ORDER

    Plaintiff Nancy Kaspryzk entered into a loan agreement with the National City Mortgage Company in June 2009. Ms. Kaspryzk signed a promissory note and, as security for the note, a deed of trust covering her property at 6975 Dover Street, Arvada, Colorado. Ms. Kaspryzk subsequently defaulted on the loan, and PNC Bank, N.A. began foreclosure proceedings. Ms. Kaspryzk filed this lawsuit alleging two claims: (1) that PNC Bank violated Colorado Revised Statute §38-40-103 and 104 by failing to respond to her requests for information, and (2) that PNC Bank violated the implied duty of good faith and fair dealing when it chose to commence foreclosure proceedings while Ms. Kasprzyk had a loan modification application pending.

    PNC Bank filed a motion to dismiss [docket #9], and this Court referred that motion to Magistrate Judge Tafoya. On June 13, 2013 Magistrate Judge Tafoya issued her report and recommendations. [#18]. The magistrate judge recommended that Ms. Kaspryzk's claim under C.R.S. § 38-40-103 be dismissed because she failed to allege any facts to show that PNC Bank's failure to respond to her requests for information caused any actual damages, but that Ms.

Kaspryzk should be allowed to file an amended complaint alleging facts to show actual damages.[1] The magistrate judge also recommended that Ms. Kaspryzk's claim for breach of the implied duty of good faith and fair dealing be dismissed.

Following the issuance of a magistrate judge's recommendation on a dispositive matter, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

Ms. Kaspryzk timely objected to the magistrate judge's recommendation that her claim for breach of the implied duty of good faith and fair dealing be dismissed. [#19]. Neither party objected to the magistrate judge's recommendation that Ms. Kaspryzk's C.R.S. § 38-30-103 claim be dismissed with permission to file an amended complaint.

**Standard**

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[1] At times in the recommendation, the magistrate judge refers to C.R.S. § 30-40-103. Based on the claims alleged the Court understands these to actually be referring to C.R.S. § 38-40-103.

2

**Analysis**

"In Colorado, every contract contains an implied duty of good faith and fair dealing." *Transamerica Premier Ins. Co. v. Brighton Sch. Dist. 27J*, 940 P.2d 348, 351 (Colo. 1997). The good faith doctrine is necessary to effectuate the intentions of the parties and to honor their reasonable expectations. *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). "Good faith performance of a contract involves 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" *ADT Sec. Servs., Inc. v. Premier Home Prot., Inc.,* 181 P.3d 288, 293 (Colo. App. 2007) (quoting *Amoco Oil Co.,* 908 P.2d at 498). For that reason, the doctrine "may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party." *Amoco Oil Co.,* 908 P.2d at 498. "Discretion in performance occurs 'when the parties, at formation, defer a decision regarding performance terms of the contract' leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo. 2006) (quoting *Amoco Oil Co.*, 908 P.2d at 498).

The good faith doctrine cannot be used to contradict terms or conditions for which the parties have bargained. *Amoco Oil Co.,* 908 P.2d at 498. "The doctrine does not obligate a party to accept a material change in the terms of the contract, or to assume obligations that vary or contradict the contract's express provisions, nor does it permit a party to inject substantive terms into the contract." *ADT Sec. Servs., Inc.,* 181 P.3d at 293.

In her complaint, Ms. Kaspryzk alleged that PNC Bank had discretionary authority over whether to foreclose on her property. By choosing to foreclose while a loan modification application was pending, Ms. Kaspryzk argues that it violated the duty of good faith and fair dealing. In her recommendation, the Magistrate Judge found that PNC Bank's power to

3

foreclose on the property was not discretion in the performance of the contract. Instead, she determined that the power to foreclose was a remedy provided by the deed of trust in the event that Ms. Kaspryzk defaulted. Ms. Kaspryzk argues in her objection that it does not matter whether foreclosure was part of performance of the contract or a remedy because PNC Bank also had a duty to act in good faith in the enforcement of a remedy.

Assuming without deciding that Colorado law recognizes the implied duty of good faith and fair dealing in enforcing a contractual remedy, that does not cure the deficiencies in Ms. Kaspryzk's complaint. The law is clear that the implied duty of good faith and fair dealing only applies if either party has discretion under the contract. *See Amoco Oil Co*., 908 P.2d at 498. To say that a party has discretion because it can choose whether or not to enforce a remedy would make the Colorado courts' requirement of discretion almost meaningless. After a contract is breached, the non-breaching party always has to consider whether or not to enforce its remedies. This is not the same as deferring a decision regarding performance of the contract thereby allowing one party to decide a contract term at a later date. *See City of Golden,* 138 P.3d at 292. Thus, the fact that PNC Bank could decide whether or not to enforce its remedy by foreclosing on Ms. Kaspryzk's house does not mean that it had discretion in the sense relevant to the implied duty of good faith and fair dealing. I agree with the magistrate judge that Ms. Kaspryzk has failed to identify a relevant discretionary term regarding the performance of her contract.

Further, in alleging a breach of the implied duty of good faith and fair dealing, Ms. Kaspryzk asks this Court to find that PNC Bank could not foreclose on Ms. Kaspryzk's property after she defaulted while a loan modification application was pending. This would be a material change to the contract terms. "[T]he duty of good faith and fair dealing does not obligate a party to accept a material change in the terms of the contract or to assume obligations that vary or

contradict the contract's express provisions." *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1363 (Colo. App. 1994). Requiring PNC Bank to follow additional conditions to foreclose that were not bargained for by the parties would not effectuate the intentions of the parties. *See Amoco Oil Co.* 908 P.2d at 498. Thus, this additional limitation on PNC Bank's ability to foreclose is not compelled by the implied duty of good faith and fair dealing.

**Order**

Magistrate Judge Tafoya's recommendation [#18] is ADOPTED. Defendant's motion to dismiss [#9] is GRANTED. Plaintiff's claims under C.R.S. § 38-40-103 are dismissed without prejudice. Plaintiff's claim for breach of the implied duty of good faith and fair dealing is dismissed with prejudice. Defendant's motion to stay discovery pending a ruling on report and recommendation [#20] is denied as moot. Plaintiff's motion to compel discovery [#22] is denied as moot.

DATED this 29th day of July, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge